## 4567.  GIBSON *v.* THE STATE.

1. One can not be convicted of embezzlement when it appears that all moneys collected by him in his fiduciary capacity have been fully paid to the person, firm, or corporation, or department of government, to which the funds should have been paid. The case is not altered if the payments are made on the wrong account.
2. If A. is charged with the duty of collecting for B. accounts from C. and D., he can not be convicted of embezzlement if he pays the entire amount collected from D. to B., even though he directs that the amount collected be applied to the credit of C.'s account, if in fact he has not collected anything from C., and the account due by C. to B. is still outstanding.

DECIDED AUGUST 25, 1913.  REHEARING DENIED SEPTEMBER 23, 1913.

Indictment for embezzlement; from Brooks superior court—Judge Thomas. November 8, 1912.

*Branch & Snow,* for plaintiff in error.

*J. A. Wilkes, solicitor-general, Shipp & Kline, Bennet, Long & Harrell, L. L. Moore,* contra.

RUSSELL, J. The defendant was elected tax-collector of Brooks county, to fill the unexpired term of his deceased father, who had held that office for about fourteen years. At the time that he was inducted into office there was a shortage in the accounts of his deceased father of several thousand dollars, which had been collected as taxes of 1908. In 1909 the defendant collected the taxes for that year, and they were applied to settle the shortage of 1908. In the summer of 1910 the comptroller-general called upon the tax-collector for a settlement, but the defendant was unable to comply with this demand, because the funds had been applied as collections upon the accounts of his father for the year 1909. Various negotiations for settlement occurred between the defendant and the county officers of Brooks county and the comptroller-general, and finally the grand jury of Brooks county indicted the defendant for embezzlement, and upon his trial he was convicted. There are various exceptions to rulings of the trial judge upon the admission of testimony, and complaints as to certain excerpts from his charge to the jury. We shall not consider any of these assignments of error, for the reason that we are of the opinion that the evidence fails to show the guilt of the accused, and that a new trial should have been granted upon the general ground that the verdict was contrary to law, because there was no evidence to support it.

The single proposition upon which we base our ruling is that one can not be shown to be guilty of embezzlement who has paid over all the money which he has collected to the person to whom it is due, even though he may have paid it upon the wrong account. The record shows that every dollar collected by this defendant was paid by him, either to the county of Brooks, if it was county tax, or to the comptroller-general, if it was a State tax. It is true, he directed that the money be applied to the shortage of his deceased father, in the effort to preserve the memory of that father from disgrace, but, after all, the county of Brooks and the State of Georgia received every dollar he collected, and it requires nothing more than the application of these payments to the proper account to correct the wrong, if any, done by the defendant. The code section under which the accused was indicted declares that "Any officer, servant, or other person employed in any public department, station, or office of government of this State, or any county, town, or city thereof, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than seven years." Penal Code, § 184.

It is insisted that even if the conviction of the defendant was not authorized by proof of the embezzlement of $6,395 as alleged, he is guilty because of the embezzlement of the taxes collected from Tillman and those whom he represented. We of course recognize the principle that the conviction of the defendant would have been as much authorized if there was proof that he converted a portion of the amount charged against him as if he had converted to his own use the entire amount alleged in the indictment. If the defendant collected the taxes from Tillman and those whom he represented, and appropriated this amount (which is less than $200), or even one dollar of it, to his own use, he would be guilty. According to the evidence, however, Tillman did not pay any money to the defendant. It appears that the defendant was personally indebted to Tillman for an amount larger than the amount due by Tillman to the State and county for his taxes for the year 1909, and that he gave Tillman tax receipts, signed by himself as tax-collector, for the amounts due for taxes by Tillman himself and by certain firms and individuals whom Tillman represented, with the

understanding that he (the defendant) personally was to make good these receipts by paying the taxes of Tillman and those whom he represented. Tillman did not pay to the defendant one dollar in money. The fact that the defendant gave Tillman receipts does not affect the right of the county or State to force Tillman to pay the taxes; for nothing is better settled than that a receipt is only prima facie evidence of payment. "Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol." Civil Code, § 5795. If the defendant had carried out his undertaking, and had furnished the money to pay Tillman's taxes, and had in fact paid them, Tillman would have been relieved from liability to the State and county; but as the tax-collector in fact received no money from Tillman, he did not appropriate any such money to his own use, and he simply failed to carry out his promise to Tillman to pay Tillman's taxes; and since no money was paid, this is a matter between Tillman and the defendant with which the State of Georgia and the County of Brooks are not concerned. In other words, if Tillman had paid his taxes in money it would have been within the power of the defendant either to forward this money, as was his duty, or to appropriate it to his own use; in which latter case he would have been guilty of embezzlement. But having received no money, the only obligation resting upon the defendant was to make good his promise to Tillman by supplying the money with which Tillman's taxes could be paid. This he failed to do; but this does not make the offense of embezzlement.

It is very plain from the evidence that the court erred in refusing a new trial. *Judgment reversed.*